## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JOAN PASINI, on behalf of herself and all
others similarly situated,

      Plaintiffs,

      v.

FISHS EDDY, LLC (d/b/a Fishs Eddy),

      Defendant.

**ANSWER TO COMPLAINT
AND JURY DEMAND**

Civil Action No.:
1:16-cv-00354

Defendant Fishs Eddy, LLC ("Fishs Eddy"), as and for its Answer to the Complaint, alleges as follows:

### PRELIMINARY STATEMENT

1.    State that the allegations contained in paragraph 1 of the Complaint consist of conclusions of law as to which no responsive pleading is required; to the extent a responsive pleading is required, Fishs Eddy denies the allegations contained in this paragraph and asserts that plaintiffs are not entitled to the relief sought.

2.    Admit that 15 U.S.C. §1681c(g) says what it says.

3.    Deny that Fishs Eddy willfully violated the Fair and Accurate Credit Transactions Act ("FACTA") and failed to protect Plaintiff and others similarly situated against identity theft and credit and debit card fraud by printing more than the last 5 digits of the card number on receipts provided to credit card and debit card cardholders transacting business with Fishs Eddy.  State further that the remaining allegations contained in paragraph 3 of the

1

Complaint consist of conclusions of law as to which no responsive pleading is required; to the extent a responsive pleading is required, Fishs Eddy denies the allegations contained in this paragraph and asserts that plaintiffs are not entitled to the relief sought.

4. Deny that Fishs Eddy has violated FACTA, and state further that the statements made by the President in 2003 during his signing of FACTA speak for themselves and do not require a responsive pleading; to the extent a responsive pleading is required, Fishs Eddy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4 and on that basis denies them.

5. State that the allegations contained in paragraph 5 of the Complaint consist of conclusions of law as to which no responsive pleading is required; state further that the quoted language from Ninth Circuit's decision speaks for itself and does not require a responsive pleading; to the extent a responsive pleading is required, Fishs Eddy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 5 and on that basis denies them.

6. State that the allegations contained in paragraph 6 of the Complaint consist of conclusions of law as to which no responsive pleading is required; state further that the quoted language from Seventh Circuit's decision speaks for itself and does not require a responsive pleading; to the extent a responsive pleading is required, Fishs Eddy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 6 and on that basis denies them.

7. Deny the allegations contained in this paragraph and assert that plaintiffs are not entitled to the relief sought.

**PARTIES**

8.      Fishs Eddy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 and on that basis denies them.

9.      Admit the allegations in paragraph 9.

**JURISDICTION AND VENUE**

10.      Admit that the Court has federal question jurisdiction.

11.      Fishs Eddy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 that Plaintiff resides in this judicial district and on that basis denies them.  Fishs Eddy admits that it does business in and resides in this judicial district.

12.      Admit that Fishs Eddy does business within the geographical area covered by this judicial district and owns, manages, maintains, and/or operates one or more physical retail store locations within this judicial district. Fishs Eddy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 12 and on that basis denies them.

**CLASS ACTION ALLEGATIONS**

13.      Admit that plaintiff is purporting to bring her individual claims on behalf of an alleged class of unnamed individuals under Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure. Fishs Eddy denies the remaining allegations in paragraph 13, and further denies that plaintiff is entitled to assert her purported claims on behalf of anyone else, including, but not limited to, a class of unnamed individuals.

14.      Admit that plaintiff seeks to represent an unnamed class of individuals. Except as expressly admitted herein, Fishs Eddy denies any remaining allegations in

3

paragraph 14 of the Complaint.

15.     Fishs Eddy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 and on that basis denies them.

16.     Fishs Eddy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 and on that basis denies them.

17.     Deny the allegations in paragraph 17.

18.     Deny the allegations in paragraph 18.

19.     Deny the allegations in paragraph 19.

20.     Fishs Eddy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 and on that basis denies them.

21.     Fishs Eddy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 and on that basis denies them.

22.     Fishs Eddy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 and on that basis denies them.

23.     State that the allegations in paragraph 23 of the Complaint set forth legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, Fishs Eddy denies the allegations in paragraph 23 of the Complaint.

24.     Fishs Eddy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 and on that basis denies them.

25.     State that the allegations in paragraph 25 of the Complaint set forth legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, Fishs Eddy denies the allegations in paragraph 25 of the Complaint.

## CAUSES OF ACTION

## COUNT ONE

## For Violation of 15 U.S.C. §§ 1681 et seq.

## (On Behalf of Plaintiff and the Class as against Defendant)

26.     Fishs Eddy refers to and incorporates each of the responses set forth in this Answer as though set forth in full herein.

27.     Deny the allegations in paragraph 27.

28.     Admit that 15 U.S.C. § 1681c(g)(1) says what it says.

29.     Admit that 15 U.S.C. § 1681c(g)(3) says what it says.

30.     Admit that Fishs Eddy transacts business in certain locations in the United States; that in connection with certain transactions, credit or debit cards are accepted from customers as an acceptable method of payment; and that receipts reflecting some of those transactions are printed electronically. Except as expressly admitted herein, Fishs Eddy denies any remaining allegations in paragraph 30 of the Complaint.

31.     Fishs Eddy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 and on that basis denies them.

32.     Fishs Eddy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 and on that basis denies them.

33.     Admit that FACTA was enacted in 2003. Fishs Eddy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33 and on that basis denies them.

34.     Deny the allegations in paragraph 34.

35.     Deny the allegations in paragraph 35.

36.     Deny the allegations in paragraph 36.

37.     Fishs Eddy lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 and on that basis denies them.

38.     Deny that Defendant was informed of and knew about notices from the Federal Trade Commission and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 38 and on that basis denies them.

39.     Deny the allegations in paragraph 39.

40.     Deny the allegations in paragraph 40.

41.     Deny the allegations in paragraph 41.

42.     Fishs Eddy lacks knowledge or information sufficient to form a belief about the conduct of other businesses and on that basis denies the allegations in paragraph 42 of the Complaint.

43.     Deny the allegations in paragraph 43.

44.     Deny the allegations in paragraph 44.

45.     Deny the allegations in paragraph 45.

46.     In response to the Complaint's Prayer for Relief, Fishs Eddy expressly denies that plaintiff is or may be entitled to attorneys' fees or to any other form of relief, or to any remedy of any type or in any amount with regard to any matters set forth in the Complaint, and further denies that there is any factual or legal basis on which any dispute between plaintiff and Defendant could or should be resolved in favor of plaintiff.

47.     Except as expressly admitted herein, any remaining allegations in the Complaint are denied.

## **AFFIRMATIVE DEFENSES**

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

48.     The Complaint fails to state a claim upon which relief may be granted, including but not limited to statutory damages, punitive damages, costs or attorneys' fees, either individually or on behalf of the putative class.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

49.     At all times relevant, Fishs Eddy acted reasonably, in good faith, in substantial compliance and in conformance with industry standards with regard to the obligations imposed by 15 U.S.C. § 1681c(g).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

50.     If any violation of 15 U.S.C. § 1681c(g) occurred, which Defendant denies, such violation was not willful within the meaning of 15 U.S.C. § 1681n.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

51.     The statutory provisions alleged in the complaint are unconstitutionally vague and ambiguous, uncertain and overbroad on their face and as applied to Defendant, provide insufficient notice of what constitutes a willful violation, and enforcement of the statutory provisions would violate the Due Process clause of the United States Constitution and applicable state Constitutions.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

52.     The claims for statutory damages, punitive damages, attorneys' fees and/or costs are barred in whole or in part because such an award would violate the Due Process and/or Excessive Fines clauses of the United States Constitution.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

53.     Plaintiffs' claims are barred, in whole or in part, under the doctrines of

7

acquiescence, waiver, estoppel, laches, and unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

54.     Plaintiffs' claims are barred by the doctrine of consent.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

55.     Plaintiffs' claims are barred by the doctrines of waiver and release.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

56.     Plaintiffs' claims are barred to the extent they seek any remedies individually or on behalf of the putative class in violation of the statute of limitations set forth in 15 U.S.C. §1681p.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

57.     Plaintiffs lack standing to bring the claims they have alleged herein.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

58.     This dispute may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

59.     Fishs Eddy acted at all times under an objectively reasonable interpretation of the applicable statutes.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

60.     Plaintiff has failed to set out her claims with sufficient particularity to permit Defendant to raise all appropriate defenses, and Defendant therefore reserves the right to add further defenses as the bases for plaintiff's purported claims become known, pursuant to the provisions of Rule 8 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant prays for relief as follows:

1. That plaintiff take nothing by way of her Complaint;

2. That judgment be entered in favor of Defendant and against plaintiff;

3. That Defendant be awarded its costs of suit incurred in this action;

4. That Defendant be awarded its attorneys' fees incurred in this action under 15 U.S.C. §

1681n(c); and

5. For such other and further relief as the Court deems just and proper.

Date:  April 6, 2016                                **BARCLAY DAMON, LLP**


By:  ___s/Jon P. Devendorf_____
        Jon P. Devendorf

Office and Post Office Address
One Park Place
300 South State Street
Syracuse, New York 13202
Telephone:   (315) 425-2700
Facsimile:   (315) 425-2701

*Attorneys for Defendant*
Fishs Eddy, LLC

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on April 6, 2016, a copy of the Answer was filed with the Clerk of the Court via the CM/ECF system, which gave notice to all counsel who have made an appearance in this action.

      s/Jon P. Devendorf      
Jon P. Devendorf
