UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/13/18

JOAN PASINI, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

FISHS EDDY, LLC (d/b/a Fishs Eddy),

    Defendant.

Case No.: 1:16-cv-00354-PGG

Hon. Paul G. Gardephe

COURTESY COPY
OF E-FILED DOCUMENT

# [PROPOSED] ORDER GRANTING

## PLAINTIFF'S UNOPPOSED MOTION

## FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The Court has received the Stipulated Settlement Agreement and Release ("Settlement" or "Agreement"), entered into between plaintiff Joan Pasini ("Pasini " or "Plaintiff"), on behalf of herself and all others similarly situated, and defendant Fishs Eddy, LLC ("Fishs Eddy").

After reviewing the Agreement and other documents filed in support of the Plaintiff's Unopposed Motion For Preliminary Approval Of Class Action Settlement ("Motion"), and having considered the arguments by the respective parties, THE COURT HEREBY ORDERS THE FOLLOWING:[1]

1. The Court hereby grants preliminary approval of the proposed settlement upon the terms and conditions set forth in the Agreement. The Court preliminarily finds that the terms of the proposed settlement are fair, adequate and reasonable and comply with Rule 23 of the Federal Rules of Civil Procedure ("FRCP").

2. The Court orders that the following settlement class ("Settlement Class") is preliminarily certified for settlement purposes only:

"All consumers to whom Fishs Eddy, LLC, during the period January 15, 2014 through January 15, 2016, provided an electronically printed receipt at the point of a sale or transaction at its Fishs Eddy store located at 889 Broadway, New York, New York, 10003, on which receipt Fishs Eddy printed more than the last 5 digits of the consumer's credit card or debit card."

3. The Court finds that, for purposes of the Settlement, the above-defined Settlement Class meets all of the requirements for class certification. The Court further finds that, for purposes of the Settlement, the requirements of FRCP Rule 23 are satisfied and that (a) the

---

[1] Capitalized terms in this Order shall have the same meanings as in the Agreement, unless indicated otherwise.

Settlement Class is ascertainable, (b) the members of the Settlement Class are so numerous that joinder is impracticable, (c) there are questions of law and fact common to the Settlement Class members which predominate over any individual questions, (d) the representative Plaintiff's claims are typical of the claims of the Settlement Class members, (e) the Class Representative and Class Counsel have fairly, adequately, reasonably and competently represented and protected the interests of the Settlement Class, and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court appoints Plaintiff Joan Pasini as the Class Representative for the Settlement Class.

5. The Court appoints attorneys Chant Yedalian of Chant & Company A Professional Law Corporation and Charles J. LaDuca and Peter Gil-Montllor of Cuneo Gilbert & Laduca, LLP as Class Counsel for the Settlement Class.

6. The Court appoints Atticus Administration, LLC as the Settlement Administrator.

7. The Court preliminarily finds that the Settlement is the product of serious, informed, non-collusive negotiations conducted at arm's-length by the Parties. In making these preliminary findings, the Court considered, among other factors, the potential statutory damages claimed in the lawsuit on behalf of Plaintiff and members of the Settlement Class, Defendant's potential liability, the risks of continued litigation including trial outcome, delay and potential appeals, the substantial benefits available to the Settlement Class as a result of the Settlement, and the fact that the proposed Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further preliminarily finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual member of the Settlement Class.

8.  The Court approves the proposed manner of the notice of settlement set forth in the Agreement. The Court also approves the size and contents of the Full Notice, Short-Form Notice, and Claim Form attached as Exhibits C, B and A, respectively, to the Agreement.

9.  The Court finds that the proposed manner of the notice of Settlement set forth in the Agreement, and the Full Notice, Short-Form Notice, and Claim Form which the Court approves of, as set forth in paragraph 8, above, constitutes the best notice practicable under the circumstances and is in full compliance with the United States Constitution and the requirements of due process. The Court further finds that the notice fully and accurately informs Settlement Class members of all material elements of the lawsuit and proposed class action Settlement, of each member's right to be excluded from the Settlement, and each member's right and opportunity to object to the proposed class action Settlement and be heard at the fairness (final approval) hearing.

10. Settlement Class members will have until sixty (60) calendar days after the date the Short-Form Notice is first posted by Fishs Eddy, to exclude themselves from the Settlement (the "Opt-Out Deadline"). The Settlement Administrator shall promptly provide a copy of any opt out request to counsel for each of the Parties. Settlement Class members may opt out by timely sending a written request to the Settlement Administrator postmarked no later than the Opt-Out Deadline. Settlement Class members who timely opt out of the Settlement: (a) will not be a part of the Settlement; (b) will have no right to receive any benefits under the Settlement; (c) will not be bound by the terms of the Settlement; and (d) will not have any right to object to the terms of the Settlement or be heard at the fairness hearing.

11. Any Settlement Class member, on his or her own, or through an attorney hired at his or her own expense, may object to the terms of the Settlement. Any such objection must be

filed with the Court and also served on Class Counsel and counsel for Fishs Eddy. To be effective, any such objection must be in writing and include the contents described in paragraph 13 below, and must be filed and served no later than sixty (60) calendar days after the date the Short-Form Notice is first posted by Fishs Eddy. Any objections not raised properly and timely will be waived.

12. Any Settlement Class member, on his or her own, or through an attorney hired at his or her own expense, may object to Class Counsel's motion for an award of attorney's fees and costs and/or the Class Representative's motion for service (or incentive) award. Such motion will be posted on the Settlement Website no later than thirty (30) calendar days before the final fairness hearing scheduled by the Court. Any objection must be filed with the Court and also served on Class Counsel and counsel for Fishs Eddy. To be effective, any such objection must be in writing and include the contents described in paragraph 13 below, and must be filed and served no later than twenty-one (21) calendar days before the fairness hearing. Any objections not raised properly and timely will be waived.

13. To be effective, any objection described in paragraph 11 or paragraph 12 above must contain all of the following information:

A. A reference at the beginning to this matter, *Joan Pasini, et al. v. Fishs Eddy, LLC, et al.*, Case No. 1:16-cv-00354-PGG;

B. The objector's full name, address, and telephone number;

C. Proof of Class membership consisting of the original or a copy of either: (1) a customer receipt containing more than the last 5 digits of his or her credit or debit card showing that he or she made a transaction at any time during the period January 15, 2014

through January 15, 2016 from the Fishs Eddy store, or (2) a credit or debit card statement showing that he or she made a transaction at the Fishs Eddy store at any time during the period January 15, 2014 through January 15, 2016;

      D.    A written statement of all grounds for the objection, accompanied by any legal support for such objection;

      E.    Copies of any papers, briefs, or other documents upon which the objection is based;

      F.    A list of all persons who will be called to testify in support of the objection;

      G.    A statement of whether the objector intends to appear at the fairness hearing. If the objector intends to appear at the fairness hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the fairness hearing;

      H.    Regarding any counsel who represents the objector or has a financial interest in the objection: (1) a list of cases in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years, and (2) a copy of any orders concerning a ruling upon counsel's or the firm's prior objections that were issued by the trial and/or appellate courts in each listed case; and

      I.    A statement by the objector under oath that: (1) he or she has read the objection in its entirety, (2) he or she is a member of the Class, (3) states the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, (4) identifies the caption of each case in which the objector has made such objection, (5) authenticates any orders concerning a ruling upon the

objector's prior such objections that were issued by the trial and/or appellate courts in each listed case, attaching such orders to the statement; and (6) states that he or she will personally appear at the fairness hearing.

14. Any Settlement Class member who requests to be heard orally at the fairness (final approval) hearing shall file with the Court and serve on Class Counsel and Fishs Eddy's counsel a written notice of intention to appear at the fairness hearing ("Notice of Intention to Appear"). The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class member (or his/her counsel) will present to the Court in connection with the fairness hearing. Any Settlement Class Member who does not provide a Notice of Intention to Appear in complete accordance with specifications set forth in the Full Notice, may be barred from speaking or otherwise presenting any views at the fairness hearing. To be timely, a Notice of Intention to Appear concerning Class Counsel's motion for an award of attorney's fees and costs and/or the Class Representative's motion for service (or incentive) award must be postmarked no later than twenty-one (21) calendar days before the fairness hearing. To be timely, a Notice of Intention to Appear concerning any other matter about the Settlement Agreement must be postmarked no later than sixty (60) calendar days after the date Short-Form Notice is first posted by Fishs Eddy.

15. Class Counsel's motion for an award of attorneys' fees and costs and the Class Representative's motion for service (or incentive) award will be filed with the Court and posted on the Settlement Website no later than thirty (30) calendar days before the final fairness hearing scheduled by the Court.

16. The Court will hold a final fairness hearing on November 15, 2018, at 10:00 a.m. [p.m.] [a date is requested that is on or about 130 days after the date that the

7

~~Court enters this Order]~~, to consider the fairness, reasonableness and adequacy of the proposed Settlement as well as Class Counsel's fees and costs and the Class Representative's service (incentive) award. The Court reserves the right to adjourn or continue the final fairness hearing without further notice to the Settlement Class members.

IT IS SO ORDERED.

Dated: March 12, 2018

By: _____
Hon. Paul G. Gardephe
United States District Judge