UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/15/18

| | |
|---|---|
| JOAN PASINI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FISHS EDDY, LLC (d/b/a Fishs Eddy),<br><br>Defendant. | Case No.: 1:16-cv-00354-PGG<br><br>Hon. Paul G. Gardephe |

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT

1

In connection with Plaintiff's Unopposed Motion For Preliminary Approval Of Class Action Settlement, the Court received the Stipulated Settlement Agreement and Release ("Settlement" or "Agreement"), entered into between plaintiff Joan Pasini ("Pasini " or "Plaintiff"), on behalf of herself and all others similarly situated, and defendant Fishs Eddy, LLC ("Fishs Eddy").

On March 13, 2018 this Court entered an Order granting preliminary approval of the proposed class action settlement. Dkt. No. 46.

On October 15, 2018, Plaintiff filed an Unopposed Motion For Final Approval Of Class Action Settlement.

On October 15, 2018, Plaintiff also filed a Motion For Award Of Attorneys' Fees And Costs To Class Counsel And Incentive Payment To The Class Representative.

The Court held a (fairness) final approval hearing on November 15, 2018.

Having duly considered all submissions and arguments presented, IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:[1]

1.  The Court hereby grants final approval of the proposed settlement upon the terms and conditions set forth in the Agreement. The Court finds that the terms of the proposed settlement are fair, adequate and reasonable and comply with Rule 23 of the Federal Rules of Civil Procedure ("FRCP").

2.  The Court orders that the following settlement class ("Settlement Class") is certified for settlement purposes only:

---

[1] Capitalized terms in this Order shall have the same meanings as in the Agreement, unless indicated otherwise.

"All consumers to whom Fishs Eddy, LLC, during the period January 15, 2014 through January 15, 2016, provided an electronically printed receipt at the point of a sale or transaction at its Fishs Eddy store located at 889 Broadway, New York, New York, 10003, on which receipt Fishs Eddy printed more than the last 5 digits of the consumer's credit card or debit card."

3. The Court finds that, for purposes of the Settlement, the above-defined Settlement Class meets all of the requirements for class certification. The Court further finds that, for purposes of the Settlement, the requirements of FRCP Rule 23 are satisfied and that (a) the Settlement Class is ascertainable, (b) the members of the Settlement Class are so numerous that joinder is impracticable, (c) there are questions of law and fact common to the Settlement Class members which predominate over any individual questions, (d) the representative Plaintiff's claims are typical of the claims of the Settlement Class members, (e) the Class Representative and Class Counsel have fairly, adequately, reasonably and competently represented and protected the interests of the Settlement Class, and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court appoints Plaintiff Joan Pasini as the Class Representative for the Settlement Class.

5. The Court appoints attorneys Chant Yedalian of Chant & Company A Professional Law Corporation and Charles J. LaDuca and Peter Gil-Montllor of Cuneo Gilbert & Laduca, LLP as Class Counsel for the Settlement Class.

6. The Court appoints Atticus Administration, LLC as the Settlement Administrator.

7. The Court finds that the Settlement is the product of serious, informed, non-collusive negotiations conducted at arm's-length by the Parties. In making these findings, the

Court considered, among other factors, the potential statutory damages claimed in the lawsuit on behalf of Plaintiff and members of the Settlement Class, Defendant's potential liability, the risks of continued litigation including trial outcome, delay and potential appeals, the substantial benefits available to the Settlement Class as a result of the Settlement, and the fact that the proposed Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual member of the Settlement Class.

8. The Court finds that the notice that has been provided to Settlement Class members, as well as the means by which it was provided, all of which the Court previously approved, constitutes the best notice practicable under the circumstances and is in full compliance with the United States Constitution, FRCP Rule 23 and the requirements of due process. The Court further finds that the notice fully and accurately informed Settlement Class members of all material elements of the lawsuit and proposed class action Settlement, of each member's right to be excluded from the Settlement, and each member's right and opportunity to object to the proposed class action Settlement and be heard at the fairness (final approval) hearing.

9. The Court finds that the manner and content of the notice of Settlement has been complied with in conformity with this Court's previous Orders.

10. The Court finds that zero Settlement Class members have timely requested exclusion from the Settlement.

11. The Court finds that zero Settlement Class members have timely objected to the Settlement.

12.     The Court finds that zero Settlement Class members have timely requested to appear or be heard at the fairness (final approval) hearing.

13.     All Settlement Class members who did not timely exclude themselves from the Settlement are bound by the Agreement, including the release contained in paragraph 18 of the Agreement.

14.     The Court hereby directs the Parties and Settlement Administrator to effectuate all terms of the Settlement.

15.     The Court finds that an attorneys' fee award to Class Counsel that is equal to 33⅓% of the Cash Fund is reasonable in this case. The Court also finds that the $650 hourly rate of Class Counsel Chant Yedalian, and the $500 hourly rate of Class Counsel Peter Gil-Montllor, are reasonable based upon each of their respective qualifications, skills and experience.

16.     The Court hereby awards $93,333.33 in reasonable attorneys' fees plus $5,000.00 in costs to Class Counsel (to be allocated among Class Counsel according to Class Counsel's existing agreement with one another), to be paid from the Cash Fund as set forth in the Agreement.

17.     The Court hereby awards $5,000 to the Class Representative, Joan Pasini, as a service (incentive) award to compensate her for her service as the representative of the Settlement Class. This award is to be paid from the Cash Fund as set forth in the Agreement.

18.     If any residual funds remain from the Cash Fund, any and all such residual funds will be distributed as follows: Legal Assistance for Seniors (https://www.lashicap.org/) 50%; New York Foundation for Senior Citizens (http://www.nyfsc.org/) 16.67%; The Children's Defense Fund (http://www.childrensdefense.org/about/#About) 16.67%; and The Fund for Public Schools (https://www.fundforpublicschools.org/) 16.66%.

19. Each of the Parties is to bear its own fees and costs except as expressly provided in the Agreement or in the Court's order(s) on Motion For Award Of Attorneys' Fees And Costs To Class Counsel And Incentive Payment To The Class Representative.

20. The Court hereby dismisses the action with prejudice in accordance with the terms of the Agreement; however, the Court shall retain continuing jurisdiction to interpret, implement and enforce the Settlement, and all orders and judgment entered in connection therewith.

21. The Court directs the Clerk of the Court to enter this Order as a judgment (subject to the terms of paragraphs 19-20, above).

IT IS SO ORDERED.

Dated: Nov. 15, 2018

By: _____
Hon. Paul G. Gardephe
United States District Judge